OPINION
Defendant Randall Kelley appeals a judgment of the Court of Common Pleas of Holmes County, Ohio, which convicted and sentenced him for one count of robbery in violation of R.C. 2911.02, after appellant pled guilty. Appellant was originally charged with aggravated robbery, a felony of the first degree, with a firearms specification. The matter was reduced to robbery, a felony of the third degree. The trial court sentenced appellant to five years in prison, which is the maximum for a third degree felony. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE SENTENCING JUDGE ABUSED HIS DISCRETION IN SENTENCING DEFENDANT/APPELLANT TO THE MAXIMUM SENTENCE FOR HIS OFFENSE.
At the hearing on the change of plea held August 18, 1998, the State and appellant informed the court the parties had agreed the indictment would be amended to a reduced charge and the appellant would change his plea from not guilty to guilty. The State recommended a three-year sentence. The trial court then engaged in a discussion with appellant, advising the appellant this agreement was between the appellant and the prosecutor, but not the judge. The court informed appellant he must be aware the court could sentence him to one, two, three, four, or five years in prison, and the court also informed the appellant it was "leaning toward" about a four year sentence. The court added it could change its decision depending upon the pre-sentence investigation report. The court also advised appellant he would also help himself if he returned the money, which appellant alleged was approximately $9,000.00. At the hearing on the sentencing held September 22, 1998, the trial court first inquired of appellant if he stood on his plea of guilty. Appellant answered in the affirmative, whereupon the court reviewed the information before it, and sentenced appellant to the maximum term under the statute. The court noted the appellant had been cooperative up to a point, although only $1600 to $1700 of the stolen money was recovered, including appellant's bond money. The trial court analyzed its sentencing decision pursuant to R.C. 2929.14, by examining the factors regarding the seriousness of the offense and the likelihood of recidivism. The court found appellant had terrorized the tellers in the bank he had robbed, and they suffered serious psychological trauma. The court noted the appellant had brandished a BB gun while committing the offense. The court noted appellant had prior convictions, including prison sentences for breaking and entering on two occasions, and for receiving stolen property. Appellant's first conviction was in 1967. The court found appellant had failed to respond favorably in the past to probation and parole. The court found there were no factors which would permit it to conclude this was a less serious version of the offense, or that recidivism was unlikely. The court found because a sentence must be reasonably calculated to be commensurate with and not demeaning to the seriousness of the offense, and its impact on the victims, and consistent with sentences imposed for similar crimes by similar offenders, it was appropriate to sentence appellant to the maximum term. Appellant acknowledges under the Revised Code, our standard of review is no longer whether the trial court abused its discretion, but rather whether we can clearly and convincingly find the record supports the sentence, see R.C. 2953.08. We have reviewed the record, and we find the trial court clearly and correctly articulated Ohio law with regard to sentencing, and the record clearly and convincingly justifies the sentence. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Edwards, J., concur